USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/3/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against –

LAZARO MORALES DELGADO,

          Defendant.

- - - - - - - - - - - - - - - - - - X

NOTICE OF INTENT TO
REQUEST JUDICIAL REMOVAL

Criminal Docket No. 19 Cr. 900 (AT)

NOTICE IS HEREBY GIVEN TO LAZARO MORALES DELGADO ("the defendant") and to his attorney of record herein, Zawadi Baharanyi, Esq., that upon conviction of the defendant for violation of 8 U.S.C. §§ 1326(a), (b)(2), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:   New York, New York
           January 14, 2020

                                    Geoffrey Berman
                                    United States Attorney
                                    Southern District of New York

By:   *Samuel P. Rothschild*
                      Samuel P. Rothschild
                      Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS<br>IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | Criminal Docket No. 19 Cr. 900 (AT) |
| LAZARO MORALES DELGADO, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO LAZARO MORALES DELGADO ("the defendant") and to his attorney of record herein, Zawadi Baharanyi, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Mexico.

3. On or about October 23, 1996, the defendant was convicted of assault in the second degree, in violation of New York Penal Law Section 120.05(2), for which the defendant was sentenced to one to three years' imprisonment.

4. On or about July 14, 1997, the defendant was removed from the United States to Mexico. The defendant subsequently reentered the United States without being admitted or paroled, or at a time or place other than as designated by the Attorney General.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the offense of Illegal Reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2).

6. A maximum sentence of 20 years' imprisonment may be imposed for the above-mentioned offenses.

7. The defendant is subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under section 235(b)(2), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

WHEREFORE, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Mexico.

Dated:     January 14, 2020

                              Geoffrey Berman, United States Attorney,
                              Southern District of New York – New York, NY

                        By:   *Samuel P. Rothschild*
                              _____
                              Samuel P. Rothschild
                              Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| LAZARO MORALES DELGADO, | Criminal Docket No.  19 Cr. 900 (AT) |
| Defendant. | |

– – – – – – – – – – – – – – – – – – X

       LAZARO MORALES DELGADO, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is LAZARO MORALES DELGADO.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, January 14, 2020.  I am the person identified in that document.  I hereby waive my right, pursuant to section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 14, 2020.  I hereby waive my right, pursuant to section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Zawadi Baharanyi, Esq.  After consultation with my counsel and understanding the legal consequence of doing so, I knowingly

1

and voluntarily waive the right to the notice and hearing provided for in section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order.  I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States.  I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and section 212(a)(9)(C)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under section 235(b)(2), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Mexico, and have no present fear of persecution in Mexico, the country of my citizenship. I further acknowledge that I have not been tortured in Mexico and have no present fear of torture in Mexico, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial

order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Mexico, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

| | |
|---|---|
| 6/7/2021 | /s/Lazaro Morales (by Zawadi Baharanyi with Authorization) |
| Date | Defendant's Signature |
| 6/7/2021 | /s/Zawadi Baharanyi |
| Date | Attorney for the Defendant |

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION |
| - against - | AND CUSTOMS ENFORCEMENT |
| LAZARO MORALES DELGADO, | Criminal Docket No. 19 Cr. 900 (AT) |
| Defendant. | |

------------------X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:   New York, New York

   1/22, 2020

PETER C. FITZHUGH
Special Agent in Charge
United States Immigration and
Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
| - against – | Criminal Docket No. 19 Cr. 900 (AT) |
| LAZARO MORALES DELGADO, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

Upon the application of the United States of America, by Samuel P. Rothschild, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of LAZARO MORALES DELGADO (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Mexico.

3. On or about October 23, 1996, the defendant was convicted of assault in the second degree, in violation of New York Penal Law Section 120.05(2), for which the defendant was sentenced to one to three years' imprisonment.

4. On or about July 14, 1997, the defendant was removed from the United States to Mexico. The defendant subsequently reentered the United States without being admitted or paroled, or at a time or place other than as designated by the Attorney General.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the offense of Illegal Reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2).

6. A maximum sentence of 20 years' imprisonment may be imposed for the above-mentioned offenses.

7. The defendant is subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under section 235(b)(2), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

8. The defendant has waived his right to notice and a hearing under section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

10. The defendant has designated Mexico as the country for removal pursuant to section 240(d) of the INA, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Mexico.

Dated:  May 3, 2024
         New York, New York

_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE